UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM MCNEAL,           )
                          )
            Petitioner,   )
                          )
       v.                 )   No. 1:17-cv-04501-TWP-TAB
WENDY KNIGHT,             )
                          )
            Respondent.   )

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, VACATING SANCTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Petitioner William McNeal's petition for a writ of habeas corpus. Mr. McNeal challenges a prison disciplinary proceeding identified as No. ISR 17-05-0048. For the reasons explained in this Entry, Mr. McNeal's habeas petition is **GRANTED**.

**A.     OVERVIEW**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B.    THE DISCIPLINARY PROCEEDING

On March 16, 2017, Mr. McNeal filed a Verified Petition for Additional Credit Time with the Marion Superior Court. Dkt. 9-1 at 2. Mr. McNeal was requesting that he receive "credit time for completing the following programs: a. Celebrate Recovery; b. Inside Out; c. Christian Twelve Steps; d. Conflict Resolution; and e. Two life skill programs that are faith based." *Id.* at 2-3. On May 1, 2017, the Marion Superior Court granted the State of Indiana's motion for summary disposition because these programs were "not approved by IDOC as programs eligible for additional credit time." *Id.* at 3.

On October 31, 2017, Paul Dickson wrote a Conduct Report charging Mr. McNeal with B243, "filing frivolous claims." Dkt. 9-1 at 1. The offense was later amended to state "filing for ineligible time cuts." *Id.* The Conduct Report states:

> On 5/11/17 at 12:18pm, I (Paula Dickson) was notified by email from Jack Hendrix, Director of Adult Classification that offender William McNeal 995125 OS 1-28 had written a lawsuit seeking credit time for programs that were clearly not eligible for time cuts and the courts ruled in our favor. After review by legal services and Deputy Attorney General it has been determined that this falls under ADP 243 filing a frivolous lawsuit.

Dkt. 9-1 at 1. The Conduct Report purports to have an "attached email and copy of lawsuit," but only a copy of the order from the lawsuit was attached. *See* Dkt. 9-1 at 2-6. No email was produced to this Court.

Mr. McNeal was notified of the charge on May 12, 2017, when he received the Screening Report. Dkt. 9-2 at 1. He plead not guilty to the charge, requested a lay advocate, and did not request any witnesses. As physical evidence, he requested a copy of the lawsuit, which was provided to him. *Id.*

The prison disciplinary hearing was held on May 18, 2017. According to the notes from the hearing, Mr. McNeal stated, "I was never informed that this was a write-up. I was just trying to

2

get my time cuts. Some of the guys who turned their certificates in got time cuts." Dkt. 9-3 at 1. Based on the staff reports and "paper [] work," the hearing officer found Mr. McNeal guilty of B-243, filing a frivolous lawsuit. The sanctions imposed included thirty days of earned credit time deprivation and a credit class demotion from B to C. Dkt. 9-3

Mr. McNeal appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. Dkt. 9-4; Dkt. 9-5. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. ANALYSIS**

Mr. McNeal challenges his prison disciplinary conviction on two grounds: (1) sufficiency of the evidence; and (2) Putnamville Correctional Facility, the facility where he was housed when he filed the state petition, should have investigated the situation and not Pendleton Correctional Facility. Dkt. 1 at 3-4. The respondent argues there is some evidence to support his disciplinary conviction, and Mr. McNeal failed to exhaust his administrative remedies as to his second ground. Dkt. 9 at 5-12. In reply, Mr. McNeal reiterates the arguments he raised in his habeas petition and argues that he did include the second ground in his appeal, attaching a JPay[1] letter from August 7, 2017, in which he complained of the issue. *See* Dkt. 10; Dkt. 10-1 at 18 (August 7, 2017 JPay letter). Mr. McNeal filed an amended reply shortly thereafter to correct some misprints. Dkt. 12.

1. Failure to Exhaust

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent

---

[1] JPay is a privately held corrections-related service provider which offers correctional services, including money transfer, email, videos, tablets, music, education & parole and probation payments. *See* www.jpay.com/AboutUs.aspx.

Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. McNeal failed to exhaust the administrative appeals process as to his claim of the proper correctional facility to investigate, and because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given. Although Mr. McNeal has submitted a JPay letter reflecting that he raised this issue to someone within the facility, the letter is dated on August 7, 2017, after both of his appeals to the Facility Head and the IDOC Final Reviewing Authority were denied. *See* Dkt. 9-4; Dkt. 9-5. Thus, his JPay letter is, at a minimum, untimely. Because the undisputed record reflects that Mr. McNeal failed to timely exhaust his available administrative remedies on this ground before filing this action (*see* Dkt. 9-4), habeas relief is not available to Mr. McNeal on the ground of the appropriate correctional facility to investigate his violation.

        2.        <u>Sufficiency of the Evidence</u>

Mr. McNeal challenges the sufficiency of the evidence, arguing that a claim is not groundless or frivolous merely because a party loses on the merits and that he was not given notice or aware that his certificates were not eligible for time cuts or that filing the petition was against IDOC policy. Dkt. 1; Dkt. 12 at 4. He states that the "IDOC does not provide prisoners with a list of courses or activities that do not qualify or that are not approved for time cuts." Dkt. 12 at 4. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is

4

much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Adult Disciplinary Code Section B-243, entitled "Filing Frivolous Claims," is defined as:

> Filing a civil claim or action found to be frivolous, unreasonable, or groundless by a Federal, State, or administrative court.
> Or,
> Filing an unsuccessful judicial request for a time cut for a program that is not approved for a credit time award by the Department after being informed by the Department that no credit time award is available for the program.
> Or,
> Filing an unsuccessful judicial request for a time cut that has been previously awarded to the offender by the Department

Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.[2]

The Respondent argues that there is "some evidence" that Mr. McNeal filed a frivolous claim under the second prong: "[f]iling an unsuccessful judicial request for a time cut for a program that is not approved for a credit time award by the Department **after being informed by the Department** that no credit time award is available for the program." *Id.* (emphasis added). In an effort to cobble together evidence to show that Mr. McNeal was "informed" that no credit time was available to him, the Respondent merely asserts that Mr. McNeal "would have known" which courses and activities[3] did not qualify for time cuts because he "would have met" with a Case Management Staff Person. Dkt. 9 at 6-7. The Respondent provides no affidavit or documentation

---

[2] The Court notes that the Respondent referred the Court to several websites with links that do not work. *See* Dkt. 9 at 6 ("www.in.gov/idoc/files/02-04-101 (last visited February 26, 2018) (hereinafter 'DCAO')"); at 7 ("(www.in.gov/IDOC/2799)"). The Court was also referred to "Ex. G," but no Ex. G was attached to the Respondent's Return.

[3] The Respondent argues that "programs" are defined as an earned credit time/time cut program of study, while "courses" and "activities" are not eligible for earned credit time/time cuts. Dkt. 9 at

5

to support these hypotheticals, instead referring the Court to websites, which are not generally available to inmates. As part of its argument, the respondent claims, "McNeal also sought credit time for 'Christian Twelve Steps' (Ex. A-2). AA and NA and CMA are clearly listed as activities that do not qualify McNeal to earn credit time for McNeal." Dkt. 9 at 7. The Court is unclear as to how "Christian Twelve Steps" relates to AA, NA, or CMA.

Mr. McNeal argues he did not know that IDOC policy prohibited him from filing the petition and was not aware that the no credit time was available for the programs for which he requested credit time. Dkt. 1; Dkt. 10 at 4. More specifically, he argues that "IDOC does not provide prisoners with a list of courses or activities that do not qualify or that are not approved for time cuts." Dkt. 12 at 4. He acknowledges that he met with Case Management Staff Mrs. Keys, but asserts she "only talks about a job and what they think or feel the course she feel is best for you take and not a case plan." *Id.* Mr. McNeal also attaches a copy of the Disciplinary Process for Adult Offenders pamphlet he received. In that pamphlet, B-243 is listed a "Filing a frivolous, unreasonable or groundless civil claim," but there is no description in the pamphlet that he received that "[f]iling an unsuccessful judicial request for a time cut for a program that is not approved for a credit time award by the Department after being informed by the Department that no credit time award is available for the program" would violate B-243. *See* Dkt. 12-1 at 4.

The Conduct Report fares no better. It states that Mr. McNeal "had written a lawsuit seeking credit time for programs that were ***clearly*** not eligible for time cuts," dkt. 9-1 at 1

---

7. However, the Court notes that the Code B-243 refers to the ineligible courses and activities as "programs," and that McNeal's State court holding also referred to his "courses" and "activities" as "programs." *See* Dkt. 9-1 at 2-3.

(emphasis added), but fails to explain why it was clear, when it was apparently not clear to Mr. McNeal that he was unable to get time cuts for these programs.

Nor is it clear to the Court which programs are and are not eligible for "time cuts." The Respondent argues that "programs" are defined as an earned credit time/time cut program of study, while "courses" and "activities" are not eligible for earned credit time/time cuts. Dkt. 9 at 7. However, the Court notes that the Code B-243 refers to the ineligible courses and activities as "programs," and that McNeal's State court holding also referred to his "courses" and "activities" as "programs." *See* Dkt. 9-1 at 2-3. Additionally, although the IDOC website lists certain "programs," "courses," and "activities," it appears there are many more programs that are not listed, and it is not clear how each of these unidentified programs should be categorized given the indiscriminate labelling of programs, courses, and activities.

Because there are no facts or evidence of record (in either the Conduct Report or the disciplinary hearing report) that Mr. McNeal filed a lawsuit after being informed by the Department that no credit time award is available for the programs at issue, the "some evidence" standard required in disciplinary cases is not met here.

**D.  CONCLUSION**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. McNeal's guilt, the disciplinary finding of guilt was arbitrary, and that finding and the sanctions imposed in case No. ISR 17-05-0048 must be **VACATED AND RESCINDED.** Accordingly, Mr. McNeal's petition for a writ of habeas corpus is **GRANTED**.

**SO ORDERED.**

Date: 9/17/2018

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM MCNEAL
995125
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov